UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH GUGLIELMO, *individually and on behalf of all others similarly situated*,<br><br>                              Plaintiff,<br><br>                    -v.-<br><br>GILMAR U.S.A., INC.,<br><br>                              Defendant. | 19 Civ. 11636 (KPF)<br><br>ORDER |

KATHERINE POLK FAILLA, District Judge:

Plaintiff initiated this case on December 19, 2019. (Dkt. #1). On March 23, 2020, Plaintiff submitted a letter, noting that Defendant had yet to file a notice of appearance or respond to the Complaint. (Dkt. #7). Plaintiff requested that the Court adjourn the initial pretrial conference scheduled for March 24, 2020, and represented that he would file for default judgment on or before April 22, 2020. (*Id.*). The Court granted Plaintiff's request, and adjourned the initial pretrial conference to May 6, 2020. (Dkt. #8). On May 1, 2020, the Court entered an Order to Show Cause, noting that Plaintiff had yet to seek a certificate of default from the Clerk of Court, let alone file a motion for default judgment before this Court. (Dkt. #9). The Court ordered Plaintiff to show cause as to why this matter should not be dismissed for failure to prosecute on or before May 15, 2020.

Plaintiff has failed to take any further action to secure a certificate of default. Nor has Plaintiff filed any letter with the Court attempting to show cause as to why this matter should not be dismissed for failure to prosecute. Based on Plaintiff's failure to respond to the Court's Order to show cause and

consistent failulre to participate in this case, the Court understands that no party intends to proceed with this case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'" *Lawrence* v. *Curry Shack, Corp.*, No. 17 Civ. 10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons* v. *Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann* v. *Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp.* v. *Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The Court finds that as "Plaintiff has made no effort to comply with the Court's Orders or to prosecute this case, it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket." *Antonio* v. *Beckford*, No. 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). Given the lack of participation by Plaintiff, the Court does not believe that a sanction other than dismissal would be effective. However, under these circumstances, the Court finds that dismissal without prejudice is an appropriate sanction which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso* v. *Cty. of Suffolk*, No. 08 Civ. 826 (JFB), 2010 WL 2985864,

at *3 (E.D.N.Y. July 21, 2010).  Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:     May 18, 2020
           New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge